# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-CR-135-2-JPS |
| MARQUISE D. JONES, | **ORDER** |
| Defendant. | |

**1. INTRODUCTION**

On June 5, 2020, Defendant Marquise D. Jones ("Defendant") filed a motion for compassionate release due to the current COVID-19 pandemic and his child's health issues. (Docket #77). On July 20, 2020, the Government filed a response. (Docket #81). On August 20, 2020, Defendant filed a reply. (Docket #85). Additionally, Defendant filed a motion requesting the Court to make a recommendation regarding his confinement. (Docket #86).

Upon consideration of the parties' submissions, the Court has determined that Defendant does not meet the requirements for compassionate release. Therefore, Defendant's motion for compassionate release will be denied. (Docket #77). Additionally, Defendant's motion requesting a reduced sentence recommendation shall be denied. (Docket #86).

**2. RELEVANT FACTS**

On August 1, 2016, Defendant and accomplices committed an armed robbery of a pharmacy. (Docket #81 at 1; #46 at 5). They stole controlled substances from the pharmacy valuing around $21,000.00. (*Id.*) Defendant pled guilty to Count One, robbery affecting commerce, and Count Two,

brandishing a firearm during a crime of violence, in October 2016. (Docket #23, #32). On April 20, 2017, this Court sentenced Defendant. (Docket #55). Defendant is incarcerated at FCI Oxford and is scheduled for release on or around November 19, 2021. (Docket #81 at 1).

Defendant's motion for compassionate release is based upon his child's health, not his own. (Docket #77, #85). Specifically, Defendant states that his child has a disease that puts the child at high risk of complications from COVID-19. (Docket #77). Defendant adds that the child's mother works an essential job and is unable to "fully provide the necessary care" for their child. (*Id.*) Defendant states that his child's illness, coupled with the mother's responsibilities as an essential worker, should be regarded as an extraordinary and compelling circumstance to release him from imprisonment.

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what

Page 2 of 6
Case 2:16-cr-00135-JPS    Filed 01/21/21    Page 2 of 6    Document 87

constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when either of the following family circumstances exist:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1.(C)(i)–(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Additionally, prior to modifying a term of imprisonment, the Court must evaluate the sentencing factors set forth in 18 U.S.C. §

3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. ANALYSIS

    4.1 Exhaustion

Before granting a motion for compassionate release, the defendant must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or at least 30 days must have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Although there are some issues regarding the time between the date when Defendant was denied by the warden and the date when he filed his motion, the Government has no objection to the Court considering the exhaustion requirement met and reaching the merits of the motion. (Docket #81 at 4). Thus, the Court will assume that Defendant has met the exhaustion requirement.

    4.2 Extraordinary and Compelling Reasons

As Defendant is asking for compassionate release based on his child's health, the Court will focus on the two family circumstances that provide an extraordinary and compelling reason for release, specifically:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1.(C)(i)–(ii).

The mother of Defendant's child is alive and well, therefore neither of the family circumstances are present in this case. Although the Court understands and empathizes with Defendant's pain from being away from his ill child during the pandemic, he does not meet the requirements for an extraordinary and compelling reason for release.

### 4.3 Danger to Any Other Person or the Community and Section 3553(a) Sentencing Factors

Even if Defendant had established an extraordinary and compelling reason warranting his release, the Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release.

Defendant is serving a sentence for his role in an armed robbery. During the armed robbery, several employees were grabbed and forced to obey by Defendant and others at gunpoint. Defendant and his associates stole around $21,000.00 worth of narcotics from the pharmacy and then sped off in a getaway car, almost hitting pedestrians. A gun recovered from the getaway vehicle was traced back to Defendant. Based on the details of his current conviction, the Court finds that he is a danger to the community and the sentencing factors militate against his release. A reduction in Defendant's sentence would, undoubtedly, fail to reflect the seriousness of Defendant's offenses, promote respect for the law, and provide just punishment to Defendant. Nor would it deter Defendant from future crimes or protect the public.

The Court understands that Defendant may very well be distressed over how the pandemic might affect him and his family. However, the Court's analysis of the § 3553(a) factors mitigate against granting Defendant's motion for compassionate release. Further, the Court is not convinced that, if released, Defendant would not be a danger to others or the community.

### 4.4 Defendant's Motion for Court Recommendation

The Court will also deny Defendant's motion to reduce his sentence, in which he requests that the Court make a recommendation to the BOP. (Docket #86). As discussed, Defendant's crime was a violent one and the sentencing factors do not weigh in favor of reducing his sentence. Thus, for the same reasons provided in Section 4.3, Defendant's motion to reduce his sentence will be denied.

## 5. CONCLUSION

Based on the foregoing, the Court will deny Defendant's motion for compassionate release and motion for a recommendation to the BOP. (Docket #77 and #86).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #77) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Defendant's motion to reduce sentence (Docket #86) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge